UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


PHILLIP R. BARNES (#99858)

VERSUS                                          CIVIL ACTION

SGT. DAVIS                                      NUMBER 15-140-JWD-SCR

### <u>ORDER TO FILE COMPLAINT AND PAY FULL FILING FEE</u>

Before the court is the Order to Show Cause and Temporary Restraining Order filed by Phillip R. Barnes.

Plaintiff's pleading, which is bereft of any substantive factual allegations, accuses Sgt. Davis of "misconstru[ing] the meaning of her job assignment," and alleges that "her behavior is prohibited and is a grave constitutional violation and her criminal agg. malfeasance, fabrication of medical documents, harassment, and retaliation, which is abuse of offenders both verbally and physically ..." (sic). Plaintiff's pleading is so vague and deficient that the court cannot determine what action may be appropriate to take.

Therefore;

IT IS ORDERED that the plaintiff shall have 15 days to filed a complaint which alleges sufficient facts to state a claim against Sgt. Davis upon which relief can be granted.

IT IS FURTHER ORDERED that within 21 days the plaintiff pay the full filing fee.[1]

---

[1] Plaintiff is barred from proceeding in forma pauperis under
(continued...)

Failure to fully comply with this order will result in dismissal of the plaintiff's motion.

Baton Rouge, Louisiana, March 11, 2015.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[1](...continued)
28 U.S.C. § 1915(g), which provides as follows:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the Fifth Circuit Court of Appeals held that: (1) § 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

Plaintiff has, on three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim. *Barnes v. Cain*, CV 12-756-JJB-SCR (complaint dismissed as frivolous and appeal dismissed as frivolous); *Barnes v. Kelone*, CV 06-92-JJB-SCR. Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of serious physical injury. Plaintiff did not allege any facts indicating that he is in imminent danger of serious physical injury.

2